# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **ORDER AND OPINION** <br><br> **This Order Relates to** <br> *City of Stuart, Fl. v. 3M Co., et al.*, <br> **Case No. 2:18-cv-3487-RMG** |

Before the Court is Plaintiff's motion in limine no. 4 to exclude all evidence and arguments relating to general causation. (Dkt. No. 2921). For the reasons set forth below, and as detailed herein, the Court grants in part and denies in part Plaintiff's motion.

## I.   Background

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On March 24, 2023, Plaintiff filed a motion in limine to exclude all evidence and arguments relating to general causation. (Dkt. No. 2921). Defendants oppose. (Dkt. No. 2966)

Plaintiff's motion is fully briefed and ripe for disposition.

## II. Legal Standard

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

## III. Discussion

Plaintiff has four claims in this case: (1) Strict Liability Failure to Warn, (2) Negligent Failure to Warn, (3) Design Defect, and (4) Negligence. The parties agree that to succeed on some of Plaintiff's claims, Plaintiff must show that PFAS poses a risk to human health or the environment. *Compare* (Dkt. No. 2966 at 10) ("At least four of the five claims in this case require Plaintiff to prove that PFAS poses a risk to human health or the environment.") *with* (Dkt. No. 2921 at 3-4) (noting that "Plaintiff's causes of action require Plaintiff to prove that PFAS poses a risk in general, not that it causes specific diseases or health outcomes" and that "Plaintiff . . . must prove a general risk of harm").

While acknowledging this requirement, Plaintiff, under Rule 401 and 403, moves to exclude Defendant from presenting any evidence or argument suggesting that Plaintiff has the burden of proving general causation as it relates to specific disease or health outcomes. (Dkt. No. 2921 at 2, 3). "General causation is whether a substance is capable of causing a particular injury or condition in the general public." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 881 (10th Cir. 2005).

Plaintiff argues that the present case is a property damage case and that it is not required to prove a causal link between PFAS and any specific disease or human health outcome. (Dkt. No. 2921 at 3). Plaintiff distinguishes the present case from personal injury and medical monitoring cases in the MDL where Plaintiff would presumably be required to show general causation. (*Id.* at 3-4). Plaintiff concedes, however, that evidence of general causation is relevant to the extent it relates to evidence of risk. (*Id.* at 4) ("[G]eneral causation is relevant to the extent it relates to evidence of risk."). Plaintiff further acknowledges that Defendants' experts may testify that there is no association between exposure to PFAS and an increased risk of any diseases and that Plaintiff's experts can testify to the contrary. (*Id.*).

Defendants oppose Plaintiff's motion arguing that general causation evidence is probative of reasonableness and relevant to Plaintiff's claim for damages. (Dkt. No. 2966 at 11). Further, Defendants argue that this evidence would not be unduly prejudicial because Plaintiff intends to introduce some general causation evidence itself. (*Id.* at 12).

The Court finds that evidence of general causation is probative of multiple issues, including risk of harm. Indeed, it is logical to show that PFAS creates a general risk of harm to human health or the environment by showing that PFAS causes a particular injury. Accordingly, Defendants should not be precluded from offering evidence or argument using the same logic. The Court does

3

not find that this evidence would unduly prejudice the Plaintiff or confuse the jury. Therefore, the probative value of this evidence is not outweighed by the undue prejudice to the Plaintiff. Accordingly, this motion in limine is denied to the extent it seeks to bar Defendants from introducing *any* evidence of general causation. The motion is granted, however, to the extent that Defendants may not argue Plaintiff must prove general causation between PFAS and a specific disease to sustain its burden of proof as to the City's pending claims. *See* (Dkt. No. 2921 at 2) (admitting that while "evidence of general causation is evidence of potential risk, and thus admissible, any argument that it is Plaintiff's burden to prove general causation would be improper").

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** as detailed herein Plaintiff's motion in limine no. 4 (Dkt. No. 2921).

**AND IT IS SO ORDERED.**

                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

May 16, 2023
Charleston, South Carolina