IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG<br><br>**ORDER AND OPINION**<br><br>**This Order Relates to**<br>*City of Stuart, Fl. v. 3M Co., et al.*,<br>**Case No. 2:18-cv-3487-RMG** |

Before the Court is Plaintiff's motion in limine no. 5 to exclude all evidence and arguments challenging or criticizing EPA's Health Advisory Limits for PFOA and PFOS. (Dkt. No. 2922). For the reasons set forth below, and as detailed herein, the Court grants in part and denies in part Plaintiff's motion.

## I. Background

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On March 24, 2023, Plaintiff filed the instant motion in limine. (Dkt. No. 2922). Defendants oppose. (Dkt. No. 2966)

Plaintiff's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014).  "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider."  *Id.*  "Questions of trial management are quintessentially the province of the district courts."  *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function.").  A district court therefore has "broad discretion" in deciding a motion in limine.  *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012).  Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

## III.     Discussion

Plaintiff moves to exclude all "evidence, reference, testimony, comment, inference, document, and/or argument challenging or criticizing the federal Environmental Protection Agency's Health Advisory Limits ('HALs') for PFOA and/or PFOS." (Dkt. No. 2922 at 1).  Put differently, Plaintiffs seek to preclude Defendants from challenging or criticizing the "science EPA relied on in setting its HALs for PFOS and PFOA." (*Id.* at 3).  Plaintiff argues this line of inquiry would be irrelevant and confusing to the jury under Fed. R. Evid. 401 and 403. Plaintiff notes Defendants had a full opportunity to participate in the HAL process before the EPA and even brought, through their trade association, a lawsuit challenging the HAL's in the D.C. Circuit which

was eventually dismissed for lack of standing. (*Id.*). At bottom, because the "science supporting the HALs are not an issue in Plaintiff's case and would unnecessarily lengthen the trial and potentially confuse the jury," Plaintiff ask that evidence of the same be excluded. (*Id.* at 9).

The Court grants in part and denies in part Plaintiff's motion. Defendants correctly note that they should be able to argue to the jury that the HALs are "advisory" in nature, (Dkt. No. 2966 at 22), and Plaintiff's motion is therefore denied on this point. Plaintiff's motion is otherwise granted, and Defendants may not argue or introduce evidence, inter alia, that "the HALs recommend that public water systems aim for PFAS concentrations at levels well below those that may be harmful for humans." (*Id.*). Plaintiff's claims in this action do not depend on the science relied on or the process by which the EPA set HALs for PFOA and PFOS. To permit Defendants' desired line of inquiry would create a mini trial on scientific issues not directly relevant to Plaintiff's claims and confuse the issues or mislead the jury. *See* Rule 403.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** as detailed herein Plaintiff's motion in limine no. 5 (Dkt. No. 2922).

**AND IT IS SO ORDERED.**

  s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

May 18, 2023  
Charleston, South Carolina