IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG<br><br>ORDER AND OPINION<br><br>This Order Relates to<br>*City of Stuart, Fl. v. 3M Co., et al.*,<br>Case No. 2:18-cv-3487-RMG |

Before the Court is E.I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC ("DuPont/Chemours")'s motion for summary judgment. (Dkt. No. 2693). For the reasons set forth below, the Court denies the motion.

I.  **Background**

Plaintiff the City of Stuart ("Plaintiff," "Stuart" or the "City) alleges that various Defendants manufactured and distributed aqueous film-forming foam ("AFFF") and/or fluorosurfactant additives for use in AFFF that contaminated the City's water supply with PFAS, including PFOS and PFOA. (*City of Stuart, Fl. v. 3M Co., et al.*, 2:18-cv-3487-RMG, Dkt. No. 54, ¶ 1).

On December 2, 2022, DuPont/Chemours filed a motion for summary judgment, (Dkt. No. 2693), to which Plaintiff filed a response in opposition, (Dkt. No. 2801).

DuPont/Chemours's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

First, DuPont/Chemours argue they are entitled to summary judgment because Plaintiff cannot prove causation. (Dkt. 2693 at 3). DuPont/Chemours argue Plaintiff cannot prove that

"they *specifically* caused its harm" because Plaintiff's experts do not offer an opinion that DuPont/Chemours's products—Forafac 1157N and 1210, fluorochemical intermediates used in Universal Gold AFFF—degraded into the linear PFOA found in Stuart. (*Id.* at 4); (Dkt. No. 2801 at 2). Thus, conclude DuPont/Chemours, because Plaintiff's theory that DuPont/Chemours are responsible for the PFOA in Stuart rests on pure speculation, the Court must grant DuPont/Chemours summary judgment on all claims. DuPont/Chemours, however, do not deny that their products are capable of degrading to PFOA. *See generally* (Dkt. No. 2693).

The Court denies DuPont/Chemours's motion on this point. Contrary to their contentions otherwise, Plaintiff's theory that DuPont/Chemours are responsible for the linear PFOA found in Stuart does not rest on speculation. Plaintiff has put forth evidence that both Forafac 1157N and 1210 were incorporated into Universal Gold AFFF during the time Stuart used Universal Gold AFFF. Further, Plaintiff has put forth expert testimony to establish that Universal Gold AFFF was more likely than not a substantial contributing factor to linear PFOA contamination in Stuart. (Dkt. No. 2801 at 2, 4 & nn.2, 13-14). Accordingly, reading all facts in a light most favorable to Plaintiff, the nonmoving party, the Court denies DuPont/Chemours's motion on this point. *See Ruiz v. Tenet Hialeah Healthsystem, Inc*., 260 So.3d 977, 982 (Fla. 2018) (noting "the law does not require an act to be the exclusive or even the primary cause of an injury in order for that act to be considered the proximate cause of the injury: rather, it need only be a substantial cause of the injury.")

Second, DuPont/Chemours argue that Plaintiff cannot prevail on any duty to warn claim because, as an "upstream manufacturer," it had no duty to warn under the "sophisticated user" doctrine. *See* (Dkt. No. 2693 at 5) (citing *Pike v. Trinity Indus., Inc.*, 34 F. Supp. 3d 1193, 1201 (M.D. Fla. 2014)). DuPont/Chemours provide no specific argument as to why the doctrine applies in the instant matter.

The Court denies DuPont/Chemours's motion on this second point. The sophisticated user doctrine "will relieve a manufacturer of the duty to warn where there is a sophisticated user . . . with *knowledge* of the hazard." *Pike*, 34 F. Supp. 3d at 1199 (emphasis added); *Edward M. Chadbourne, Inc. v. Vaughn,* 491 So.2d 551, 552–54 (Fla.1986) (holding that road contractor had no liability for injuries suffered by auto accident victim as a matter of law where FDOT had responsibility for testing, examining, maintaining and repairing the roadway and was a highly knowledgeable and sophisticated purchaser). Here, DuPont/Chemours's argument fails because they have not established Stuart is a "sophisticated user" of fluorosurfactants or AFFF more generally. *See, e.g.*, *Talquin Electric Co-op., Inc. v. Amchem Products, Inc.,* 427 So.2d 1032, 1033 (Fla. 1st DCA 1983) (holding herbicide supplier bore no liability as a matter of law for company's misuse of product where company—the sophisticated user—was aware that the herbicide would kill farmer's crops if it was used near irrigation water; explaining that a "*knowing* misuse of a product does not render the manufacturer liable") (emphasis added).

Last, DuPont/Chemours argue that it is unreasonable as a matter of law for Plaintiff to argue that they had a duty to warn end manufacturers its products could degrade to PFOA. (Dkt. No. 2693 at 6). DuPont/Chemours notes that Plaintiff's experts "opine that the entire industry learned of the *potential* for fluorosurfactants to degrade into PFOA in 2001." (*Id.*) (noting DuPont/Chemours reject the veracity of this opinion). Thus, conclude DuPont/Chemours, Plaintiff cannot argue that "DuPont/Chemours unreasonably relied on AFFF manufacturers to warn the City of Stuart about any potential dangers" for AFFF sold after this date.

The Court denies DuPont/Chemours's motion on this final point. Plaintiff has put forth evidence that DuPont/Chemours were aware of PFOA's alleged dangers as early as 1965. (Dkt. No. 2801 at 3) (arguing DuPont/Chemours conducted animal studies demonstrating PFOA had

4

adverse effects on the liver as early as 1965, that DuPont/Chemours were aware PFOA was mobile in the environment as early as 1966, and that by 1984 DuPont/Chemours had identified PFOA as a risk to human health). Accordingly, the question of whether it was reasonable for DuPont/Chemours to rely solely on AFFF manufacturers to warm customers of AFFF hazards post-2001 is clearly a question for the jury. *See* (*id.* at 6) ("Without any authority, the DuPont Entities claim that because it was common knowledge that C8s degrade to PFOA, that Stuart cannot argue the DuPont Entities unreasonably relied on AFFF manufacturers to warn of AFFF hazards. The DuPont Entities may argue this to a jury, but the issue of whether their conduct was reasonable (or not) is squarely a question of fact."). Thus, DuPont/Chemours's motion is denied on this final point.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** DuPont/Chemours's motion for summary judgment (Dkt. No. 2693).

**AND IT IS SO ORDERED.**


                                                   s/ Richard Mark Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

May 18, 2023
Charleston, South Carolina