**Limiting Instruction regarding the use of evidence related to 3M's 2006 Consent Agreement with EPA**

In this case, you have heard [or probably will hear more] evidence that the United States Environmental Protection Agency, EPA, initiated an administrative proceeding against 3M in 2006 that resulted in a 244 Count Consent Agreement that 3M failed to comply with a prior auditing agreement with the EPA that imposed on 3M certain reporting requirements relating to chemicals it produced under the Federal Toxic Substance Control Act, TSCA.

Specifically, the EPA claimed that 3M repeatedly failed to submit copies of studies and other information relating to fluorochemicals not previously submitted to EPA and not otherwise available through publications.

Second, EPA claimed that 3M failed to submit over 600 studies which reported the measurement of several fluorochemicals in general population serum and in wildlife at low parts per billion (ppb) levels, whereas 3M had previously only reported the detection of fluorochemicals in the serum of its production workers at low parts per million (ppm) levels.

3M denied all of these EPA claims and denied that it withheld any reportable information from the EPA. Before there was any determination made as to the validity of EPA claims, 3M and the EPA agreed to settle the claims by entering a Consent Agreement and Final Order.  As part of that Settlement, 3M agreed to pay the EPA a substantial civil penalty.  The consent agreement is basically a Court order whose terms the parties have agreed to. That agreement fully resolved the EPA's claims, acknowledged that 3M denied liability, and expressly stated that nothing in the agreement should be taken as an admission of liability by 3M.

I point this out for a reason:  this evidence is admissible for a limited purpose. You may consider this evidence only to the extent that you believe it bears on 3M's pattern and practice and what notice or knowledge 3M received from this 2006 administrative claim giving the weight, if any, you believe it deserves as you would with any other evidence in this case.

You are also instructed you may not infer liability nor draw any conclusions about 3M's potential liability in this case based upon the fact that it settled the 2006 EPA administrative claims against it.